IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HOWARD EUGENE BURNS,**

      **Plaintiff,**

v.                                                 Civil Action No. 2:07cv76
                                                    (Judge Maxwell)

**MARK WILLIAMSON, Warden,**

      **Defendant.**

### ORDER DIRECTING A COMPLAINT BE FILED

On September 19, 2007, the United States District Court for the Southern District of West Virginia received a letter from Howard Eugene Burns ("Burns"), a prisoner at the Denmar Correctional Center. On September 25, 2007, the Southern District received copies of other documents from Burns. The Southern District apparently construed Burns' documents as a civil rights complaint because it initiated a 42 U.S.C. § 1983 action on his behalf. Because Burns is incarcerated within this District, the Southern District then transferred the case to this Court on September 26, 2007.

Upon a preliminary review of the transferred documents, the undersigned is unable to discern the nature of Burns' allegations, who, if anyone, is the named defendant in this case, and what specific relief Burns seeks from this Court. Although the Southern District initiated this action against the Warden of the Denmar Correctional Center, Burns makes no allegations against that individual. In addition, much of the information Burns sent to the Southern District was in letter format to the Chief Judge of that district and no actual complaint has been filed. Thus, it is not clear to this court what Burns claims are or if he even intended to initiate a civil rights complaint.

Therefore, prior to subjecting Burns to the $350 filing fee, the Court will require Burns to file a complaint which sets forth his claims in detail, names the intended defendants, and makes a specific request for relief. To facilitate this request, the **Clerk** is directed to send the plaintiff a blank § 1983 complaint form and the forms necessary for requesting *in forma pauperis* status. If the plaintiff wishes to further pursue this civil action, he shall file the completed forms within **twenty (20) days** from the date of this Order. The failure to do so will be construed as a request to withdraw the complaint and the case will be recommended for dismissal.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Order to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: October 1, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE