# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HOWARD EUGENE BURNS,**

       **Plaintiff,**

**v.**                                               **Civil Action No. 2:07cv76**
                                                           **(Judge Maxwell)**

**MARK WILLIAMSON, Warden,**

       **Defendant.**

## OPINION/REPORT AND RECOMMENDATION

On September 19, 2007, the United States District Court for the Southern District of West Virginia received a letter from Howard Eugene Burns ("Burns"), a prisoner at the Denmar Correctional Center. On September 25, 2007, the Southern District received copies of other documents from Burns. The Southern District apparently construed Burns' documents as a civil rights complaint because it initiated a 42 U.S.C. § 1983 action on his behalf. Because Burns is incarcerated within this District, the Southern District then transferred the case to this Court on September 26, 2007.

On October 1, 2007, the undersigned conducted a preliminary review of the transferred documents, but was unable to discern the nature of Burns' allegations, who, if anyone, was the named defendant in this case,[1] and what specific relief Burns sought from the Court. In addition, because much of the information sent to the Southern District was in letter format to the Chief Judge of that district, and no actual complaint had been filed, the undersigned could not determine

---

[1] Although the Southern District initiated this action against the Warden of the Denmar Correctional Center, Burns makes no allegations against that individual.

if Burns actually intended to initiate a civil rights complaint and subject himself to the $350 filing fee. Therefore, on October 1, 2007, the undersigned issued an Order directing the Clerk to send Burns a copy of the blank § 1983 civil rights complaint form utilized by this Court and the forms necessary for filing for pauper status. Burns was directed to complete and file the forms within twenty days if he intended to pursue this matter further. As to the complaint, the Court specifically directed Burns to use the blank form to set forth his claim in detail, naming the intended defendants, and making a specific request for relief. The plaintiff was advised that the failure to file the completed forms in the allotted time would be construed as a request to withdraw this action.

On October 22, 2007, Burns filed a response to the Court's Order. In his response, Burns asserts that although he intends to pursue his claims further, he cannot, at this time, file a complaint. As reasons therefore, Burns asserts that he is trying to obtain the services of a pro bono attorney to help him file his complaint because he does not have much knowledge of the law. Burns also asserts that an attorney would help him put of all details together. For instance, Burns asserts that upon reading the blank civil rights complaint form sent by the Court, he discovered that he must exhaust his administrative remedies prior to filing suit. However, although he has filed several grievances and complaints, Burns is not certain that his administrative remedies have been properly exhausted at this time.

In light of Burns' failure to file a complaint, and his reasons for not doing so, it appears that although Burns would eventually like to pursue claims related to his incarceration, he is not, at this time, able to do so. Therefore, rather than subjecting Burns to the $350 filing fee,[2] when in all likelihood his claims would be subject to dismissal for the failure to state a claim, the undersigned

---

[2] Significantly, Burns did not complete and file the forms for proceedings as a pauper either.

is of the opinion that the instant case should be **DISMISSED without prejudice** and **without assessing Burns the $350 filing fee**. Thus, when Burns is ready and able to file a complaint which clearly sets forth his claims, names the appropriate defendants, and makes a specific request for relief, he could still do so without penalty.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Order to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: October 24, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE